S. J. ROGERS ET AL *v.* W. P. HAHN.

Street Improvement—Contract With City—Ordinance—Grading and Paving—Curbing No Part of Contract—Abutting Land Owners—Lien.

Curbing is not included in grading and paving and is as distinct as these are from each other and unless the ordinance authorizes the curbing the city has no right to put it under contract, but if it is done the city and not the lot owners are responsible.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 28, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought in 1865 against Preston Rogers, J. W. Barr, S. P. Hepburn, and appellants, to enforce liens on their several lots, which he alleges he has, by virtue of an ordinance passed the 16th of May, 1863, by the General Council and Mayor of the city of Louisville for grading and paving Underhill street, from the west line of the Bardstown pike to the east line of Broadway, at the cost of the owners of lots fronting said improvements, and a contract made with the Mayor of said city, with M. W. Redd, to make said improvements, and for the faithful performance on the part of Redd, appellee was his surety. Copies of the

ordinance, contract, the report of the city engineer, and the warrants for the cost of said improvements are filed as exhibits in the case, and appellee alleges that the warrants for the cost of the work have been assigned to him by Redd, and that he is thereby entitled to the amount due by reason of said assignment.

Subsequently the action was dismissed as to Hepburn, Barr and W. Preston. And on the 7th of April, 1865, it appears that, on motion of appellant, leave was given him to withdraw the warrant filed against the defendant, S. J. Rogers, and on his further motion the cause as to said Rogers was dismissed as settled. In July afterwards, however, without any order having been made reinstating the cause against said Rogers, he filed his demurrer to the petition, and afterwards filed an answer, in which he does not rely upon the order dismissing the action as to him.. We assume, therefore, that it was inadvertently made, or was intended to be, and was certainly treated as having been set aside.

Upon final hearing, judgment was rendered against S. J. Rogers for $104.41, with interest from the 26th of September, 1864, and for the further sum of $713.04, with interest from the 6th of October, 1864, till paid, and against M. P. Pope for the sum of $1,358.10 and $725.78, with interest from the 24th of September, 1864, till paid, and for which several sums their respective lots have been sold; from which judgment Rogers and Pope have appealed.

From an examination of the report of the city engineer, it appears that a considerable portion of the assessment against appellants is for curbing done on said streets, when there was no ordinance for such work, and no authority conferred on the Mayor of the city to contract for the same; consequently appellants, as has been repeatedly held by this court, cannot be made responsible for said work.

In Swneeney & McVeigh v. Obst, etc., MSS. opinion, September, 1866, an analogous case to this, it was said:

> "Curbing is not necessarily included in grading and paving, and, unless there be sidewalks, generally unnecessary; and when there are sidewalks, it would probably be more correct to include the curbing; but however this may be, curbing is as distinct from grading and paving as these are from each other, and unless the ordinance authorize the curbing, the Mayor and engineer have no

right to put it under contract. And if it is done, and the Council approve and affirm it, and permit the work to be done, the city, and not the lot owners, must be responsible."

We have before seen that the curbing was not provided for in the ordinance; consequently appellants are not responsible.

Wherefore, the judgment is reversed, and the cause remanded, with directions to set aside said sales of appellant's lots, and for further proceedings consistent with this opinion.

Appellee should be permitted to amend his pleading, and make the city of Louisville defendant to his action, if he should in reasonable time desire to do so.

*Jno. W. Barr, for appellants.*

*Harris & Hagan, for appellee.*